

EUROPEAN COMMISSION
DG Competition

Brussels, 10 October 2011    * D/2011/108143
COMP/G-1/ABC/CVV

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

By E-Mail

**Subject:**    **In Re. Air Cargo Shipping Services Antitrust Litigation, M.D.L. No. 1775 (E.D.N.Y)**

Dear Judge Pohorelsky,

In the hearing of 8 September 2011 in the context of the above mentioned proceedings, you deferred a ruling on the plaintiffs' request for a motion to compel production of the confidential version of the European Commission's (hereafter "Commission") decision of 9 November 2010 in Case 39258 *Airfreight* (hereafter "the decision") in order to permit the Commission to submit opposition.

I write pursuant to this request and in order to further present the position of the Commission services. I believe that authorizing discovery in American litigation of documents that are strictly confidential under European competition law would be highly detrimental to the sovereign interests and public policies of the European Union, and would substantially undermine the Commission's ability to detect and punish unlawful cartel activity in the European Union. Mutual benefits among international cartel enforcers have been also recognized by the US Department of Justice, Antitrust Division representatives in official fora[1].

---

[1]    *See, e.g.,* statement of Gerald F. Masoudi, Deputy Assistant Attorney General, on behalf of the United States Department of Justice, before the Antitrust Modernization Commission, Hearing of International Antitrust issues, February 15, 2006, http://govinfo.library.unt.edu/amc/commission_hearings/pdf/Statement_Masoudi.pdf,: "A growing worldwide consensus that international cartels victimize businesses and consumers everywhere, and a shared commitment to fighting those cartels, has led to improved cooperation among antitrust enforcement authorities. This strengthened cooperation has contributed to the Antitrust Division's

Commission européenne, DG COMP GREFFE ANTITRUST, 1049 Bruxelles, BELGIQUE
Europese Commissie, DG COMP GREFFE ANTITRUST, 1049 Brussel, BELGIË

Tel: +32 229-91111. Fax: +32 229-50128. E-mail: COMP-GREFFE-ANTITRUST@ec.europa.eu.

The *Airfreight* decision received by its addressees contains confidential information of commercial and personal nature concerning the undertakings to which it is addressed as well as a number of other undertakings. It also contains information stemming from the cooperation by a number of undertakings under the Commission's leniency programme as set out in its Leniency Notice[2]. It is the Commission's consistent practice to oppose disclosure of both of these categories of information to any third party for the purposes of litigation to recover damages in any foreign jurisdiction.[3] As you can understand, it is not possible for the Commission to intervene as *amicus curiae* in various jurisdictions around the world where disclosure of documents from its investigative file is often requested. For this reason, it has explained its position in the relevant *public fora*, for instance with its submission to the United States Antitrust Modernization Commission in 2006[4] and in its Report on the functioning of Regulation 1/2003[5], highlighting again the impact of discovery rules in antitrust civil damages actions in the United States on the Commission's antitrust enforcement.

---

ability to detect and prosecute international cartels that have subverted competition and victimized American businesses and consumers on an order of magnitude in the billions of dollars.[....] Our success thus far with our amnesty program has also influenced foreign antitrust authorities to adopt or strengthen their own programs. The European Commission revised its amnesty program several years ago to closely mirror ours. This and similar actions in other jurisdictions should further increase opportunities for multi-jurisdictional cooperation in cartel enforcement", *available at* http://govinfo.library.unt.edu/amc/commission_hearings/pdf/Statement_Masoudi.pdf.

[2] Commission notice on immunity from fines and reduction of fines in cartel cases Official Journal C 298, 8.12.2006, p. 17.

[3] The Commission has already previously intervened before US Courts to publicly oppose to disclosure of confidential information in its investigative file. This is the non exhaustive lists of cases where Commission arguments have been upheld by Courts. See United States District Court for the Northern District of California, In Re: Methionine Antitrust Litigation, case No. C-99-3491 CRB MDL no. 1311; United States District Court for the Northern District of California, In Re: Rubber Chemicals Antitrust Litigation, Case No. C04-1648 MJJ (BZ); United States District Court for the Western District of Pennsylvania, In Re: Flat Glass Antitrust Litigation, (II) Civil Action No 08-mc-180 MDL No. 1942 (*WD Penn*, December 11 2009); United States District Court for Eastern District of New York, In Re: Payment Card Interchange Memorandum Fee and Merchant Discount, 05-Md-1720 (E.D.N.Y. August 27, 2010). See lastly: United States District Court for the Northern District of California, *In re TFT-LCD (Flat Panel) Antitrust Litig.*[3] 07-MD-1827 Doc. No. 2686 (N.D. Cal. April 26, 2011)

[4] See Submission by the Directorate General for Competition of the European Commission, Philip Lowe, Dir. Gen., to the Antitrust Modernization Commission, COMP A/4 D(2006) 83, at 1 (Apr. 4, 2006), available at http://govinfo.library.unt.edu/amc/public_studies_fr28902/international_pdf/060406_DGComp_Intl.pdf.

[5] There is also the more recent Commission staff working paper accompanying the Communication from the Commission to the European Parliament and Council - Report on the functioning of Regulation 1/2003 {COM(2009)206 final}, SEC/2009/0574 final, available at http://eur-lex.europa.eu/LexUriServ/LexUriServ.do?uri=CELEX:52009SC0574:EN:NOT

2

As regards confidential information, Article 339 of the Treaty for the Functioning of the European Union (TFEU) and Article 28 of Council Regulation (EC) No 1/2003[6] oblige the Commission not to disclose any confidential information that it receives in carrying out its duties. Also, the Commission's leniency programme is a cornerstone of its practice in cartel detection and enforcement, which is often carried out in cooperation with public authorities from jurisdictions around the world, as indeed occurred in this case with the United States Department of Justice. The Commission's long established policy is that the corporate statements specifically prepared for submission under the leniency programme are given protection against disclosure both during and after its investigation. The success of this programme, which is the most effective tool at the Commission's disposal for the detection of cartels, crucially depends on the willingness of companies to provide comprehensive and candid information. This willingness could be jeopardised if potential leniency applicants knew that their corporate statements could become discoverable in civil litigation.[7] Therefore, we oppose the disclosure of the confidential version of the *Airfreight* decision even in the presence of a protective order.[8]

Furthermore, for reasons of international comity the disclosure of such documents will conflict with the law and policies of the European Union, which is a foreign sovereign, and is likely to work substantial harm because it will interfere with the European Commission's powers to investigate and prosecute antitrust cases within the territory over which the EU Treaty applies.

I would like also to inform you that the Commission is preparing a non-confidential version of the decision, in the interest of transparency and in order to increase awareness and enhance deterrence, as set out in the relevant provisions of European Union law. The publication of a non confidential version of the decision - containing a series of redactions - will be made available on the website of the Directorate General for Competition of the Commission in due course. Indeed, the Commission services are currently assessing the claims to confidentiality submitted by the parties. In a few weeks' time a draft non confidential version will be submitted to parties and their claims will be accepted or rejected. Once these confidentiality claims are resolved, the non-confidential version will become available.

---

[6] See Official Journal L 1, 4.1.2003, p. 1 ("Regulation No 1/2003").

[7] As point 6 of the Leniency Notice explains: "[U]ndertakings may provide the Commission with voluntary presentations of their knowledge of a cartel and their role therein prepared specially to be submitted under this leniency programme. These initiatives have proved to be useful for the effective investigation and termination of cartel infringements and they should not be discouraged by discovery orders issued in civil litigation. Potential leniency applicants might be dissuaded from cooperating with the Commission under this Notice if this could impair their position in civil proceedings, as compared to companies who do not cooperate. Such undesirable effect would significantly harm the public interest in ensuring effective public enforcement of [Article 101 TFEU] in cartel cases and thus its subsequent or parallel effective private enforcement."

[8] I would for example refer to a recent decision by the US District Court in the Northern District of California in re *TFT-LCD (Flat Panel) Antitrust Litig.*[8] *07-MD-1827 Doc. No. 2686 (N.D. Cal. April 26, 2011)*, where the issue of leniency information in documents exchanged between the Commission and some of the parties in the LCD case was at stake and the motion to compel was denied. Reference could also be made to the revised Consent Order in re *Flat Glass Antitrust Litigation (II)* MDL No. 1942 *(WD Penn,* December 11 2009).

Lastly, with reference to the plaintiffs' argument drawing an analogy with the UK *National Grid* proceeding, I would like to state that the Commission services cannot comment on a pending case. I would recall that the case referred to concerns the relation between the European Commission's antitrust enforcement procedures and Member States' national courts duty to apply European antitrust provisions under the TFEU, in combination with their national legal systems.

Finally, I would like to clarify that the present letter does not aim to support any party to the proceeding before the District Court, but only to safeguard the interests of the Commission as an enforcement authority.

Yours sincerely,

Alexander ITALIANER
Director General

4